Dear Mr. Elliott:
You ask whether state troopers who are appointed ex officio notaries public, solely within the course and scope of their employment and in connection with the performance of their duties, may exercise such ex officio notary powers anywhere in the state. It is our opinion that they may do so.
Generally, such powers are limited to administering oaths, receiving sworn statements, and other such matters within their official functions. See R.S. 35:393(A) and (B) and 393.1(B). For the efficient operation of state law enforcement, state troopers who are ex officio notaries need to be able to take the affidavits and sworn statements of other state troopers who must execute them in connection with their daily law enforcement duties and of other witnesses in order to preserve future testimony and/or to provide probable cause support for arrests, search warrants, and the like.
R.S. 35:2(B) has provided for some time that each notary public of this state has the authority to administer oaths and to receive testimony in any parish of the state.
R.S. 35:391(7) at one time required ex officio notaries [whose only powers — regarding the administering of oaths and the taking of testimony — had been statewide anyway under R.S.35:2(B)] to record their ex officio notary oaths of office both with the secretary of state and "with the clerk of court in the parish wherein the ex officio notary performs his duties." This proviso appears to have been an anomaly that has now been corrected, as you have pointed out to us, by Act 877 of the 1993 Regular Session. That Act amended R.S. 35:391(7) so as to require the recording of such oaths of office with the secretary of state alone.
We trust this opinion has adequately answered your request. If you have any further questions about this or any other matter affecting your duties, please do not hesitate to ask.
With warmest regards, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: THOMAS S. HALLIGAN Assistant Attorney General
RPI/TSH/bb 0879f